**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4503**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff – Appellee,

　　　　v.

BENJAMIN JEFFREY JONES,

　　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:09-cr-00022-FDW-1)

Submitted: January 20, 2012　　　　Decided: January 26, 2012

Before GREGORY, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Angela G. Parrott, Acting Executive Director, Ross H. Richardson, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Jeffrey Jones appeals his conviction after entering a conditional plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that the district court erred in denying his motion to suppress evidence seized from his residence pursuant to a search warrant. Jones was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Jones contends that there was no basis for a protective sweep of his residence after he was detained by police, and so the warrant obtained later to search the residence was illegal because it was based on items seen by the officer during the illegal sweep. We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, this court construes the evidence in the light most favorable to the Government. Id.

The district court declined to rule on the legality of the protective sweep because evidence established that the officer at the scene had probable cause to apply for the search

warrant independent of the information revealed by the protective sweep. See United States v. Gillenwaters, 890 F.2d 679, 681-82 (4th Cir. 1989). Further, the officer who conducted the sweep testified that he decided to obtain a warrant at the time he detained Jones and before the sweep was conducted. See Murray v. United States, 487 U.S. 533, 542 (1988). We accordingly find no error in the district court's denial of the motion to suppress.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED